HENRY M. STOW *v.* EDGAR M. GREGORY.

*Agreed Case from Cook.*

On a trial in the Circuit Court for the purpose of establishing the amount of rent due from a tenant to his landlord, a person was called to testify, who had served a distress warrant in the case, by levying on the property of the tenant. Objection being made to him, the Court decided that he was incompetent: *Held,* that the Court erred in excluding him.

THIS was a proceeding under the statute to establish the amount due from Gregory to Stow for rent, after the levy of a distress warrant. The case was originally heard before a justice of the peace in Cook County and a jury, when a verdict was rendered in favor of Gregory for $31, he having produced and proved a set-off. Stow appealed to the Circuit Court, where the case was tried before the Hon. Richard M. Young and a jury. A verdict was then rendered in favor of Gregory for $75.

The cause was submitted in this Court upon the written arguments of *J. B. Thomas, B. S. Morris & J. J. Brown,* in behalf of Stow, and of *I. N. Arnold,* for Gregory.

The Opinion of the Court was delivered by

CATON, J.* Stow issued a distress warrant against Gregory, his tenant, for rent alleged to be due, which was levied upon the property of the tenant, and a trial was had before a justice of the peace, under the statute, to establish the amount of rent due. On the trial, the tenant produced and proved a set-off greater in amount than the rent due, and the jury returned a verdict in favor of the defendant for $31, upon which the justice rendered a judgment. From this, Stow took an appeal, and on the trial in the Circuit Court, without admitting the correctness of any of the items, the accounts on both sides were permitted to go to the jury with-

---

* Justices THOMAS and DENNING were not upon the Bench when this case was submitted and decided.

out objection, with the understanding that the whole should be investigated by the jury, and that they should, under all the circumstances, determine what items on either side had been admitted, or were proved by the evidence. The jury returned a verdict for the defendant for $75. A motion was made for a new trial and overruled, and judgment rendered on the verdict. On the trial the plaintiff produced one Wesencroft as a witness, who, as the landlord's bailiff, had served the distress warrant, by levying on the property of the tenant. He was objected to by the defendant, and the Court held him incompetent, and sustained the objection.

*The first error assigned is for* excluding this witness from testifying, and the second is for not granting a new trial.

Was Wesencroft a competent witness for the plaintiff? In support of the decision of the Court, it is urged by the defendant that the witness was interested in establishing that rent was due, otherwise he was a trespasser in making the distress. That such is his liability, there is no doubt, but because he may be sued in trespass, it by no means follows that he is not a competent witness to prove the amount of rent due in a suit between the landlord and tenant. As well might it be said that an officer who levies an execution, on the trial of the right of property on a claim set up by a third person, that he owns the property levied upon, is not a competent witness for the plaintiff in the execution. In such a case, the officer is liable in trespass if he levies upon property which does not belong to the defendant in the execution, yet his competency as a witness for the plaintiff in the execution will not be denied. So, also, in the case of an agent who has taken possession of property alleged to belong to his principal. In that case, either the agent or principal, or both may be sued in trespass by any person claiming the property. And yet there can be no doubt, that if one be sued, the other is a competent witness to prove the title of the property. A multitude of familiar instances might be put to illustrate this principle, but it is unnecessary. The judgment in the one case could not be used for or against either party in another suit against the other wrongdoer.

The bailiff, officer or agent, is neither a party, nor privy to the proceeding in which he is called as a witness. If twenty persons are engaged in the commission of a trespass, each may be sued separately; and although nineteen judgments may be rendered against the party aggrieved, yet he may succeed in the twentieth. Although in that proceeding the landlord had established that there was rent due, still the tenant might have sued the bailiff in trespass; and in order to have defended himself, he would have had to have proved that rent was due, and in such suit the judgment in this suit would have been no evidence. So, now, the tenant may sue him, and yet, notwithstanding a judgment has been rendered in favor of the tenant, the bailiff might still go on and prove that rent was due, and thus defend himself.

As the Court erred in excluding Wesencroft from testifying, it is unnecessary to inquire whether the verdict was warranted by the evidence or not.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for a new trial.

*Judgment reversed.*